**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SEAN MARGULIS, | ) | Case No.: 2:11-cv-1050-GMN-LRL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P.; RECONTRUST COMPANY, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; DOES I through X and ROE CORPORATIONS I through X; | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Before the Court is Defendants BAC Home Loans Servicing, L.P. ("BAC") fka Countrywide Home Loans Servicing, L.P., Countrywide Bank FSB ("Countrywide"), Federal Home Loan Mortgage Corporation ("Fannie Mae"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 7). Plaintiff Sean Margulis filed a Response (ECF No. 10) and Defendants filed a Reply (ECF No. 13).

**FACTS AND BACKGROUND**

On November 5, 2007, Plaintiff executed a promissory note in favor of Countrywide KB Home Loans in the amount of $292,779.00 in connection with his purchase of property located at 10433 Bay Ginger Lane, Las Vegas Nevada 89135 (the "Property"). (Compl. ¶¶17–18; *see* Note, Ex. 1 attached to Response, ECF No. 10.) The purchase of the Property with the loan was secured by a first position deed of trust ("DOT") which is dated November 5, 2007. (*See* DOT,

Ex. B attached to MTD, ECF No. 7–2.) The DOT lists Countrywide as the lender and beneficiary, First American Title Company of Nevada as trustee and MERS as the lender and beneficiary's nominee under the DOT. (*See id.*)

On August 1, 2009 Plaintiff defaulted on his loan. (*See* Notice of Default and Election to Sell ("NOD"), Ex. C attached to MTD, ECF No. 7–3.) On September 11, 2010, ReconTrust was substituted as trustee under the DOT. (*See* Substitution of Trustee ("SOT"), Ex. 5 attached to Response, ECF No. 10.) On the same day, an assignment of the DOT was executed in favor of BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing LP. (*See* Assignment, Ex. E attached to MTD, ECF No. 7–5.) On September 13, 2010 a notice of default and election to sell was recorded. (*Id.*)

On January 11, 2011, a certificate of compliance with Nevada's Foreclosure Mediation was recorded. (*See* Certificate regarding Foreclosure Mediation, Ex. F attached to MTD, ECF No. 7– 6.) The Plaintiff declined to request foreclosure mediation. (*Id.*) On January 11, 2011 a Notice of Trustees' Sale was recorded. (*See* Notice of Trustee's Sale, Ex. G attached to MTD, ECF No. 7– 7.) A new Notice of Trustee's sale was recorded on April 4, 2011. (*See* Second Notice of Trustee's Sale, Ex. H attached to MTD, ECF No. 7–8.) On May 5, 2011 an Assignment of Deed of Trust was recorded in favor of Fannie Mae. (*See* Second Assignment of Deed of Trust, Ex. I attached to MTD, ECF No. 7–9.) On May 5, 2011 a trustee's deed was recorded to reflect the sale of the Property to Fannie Mae. (*See* Trustee's Deed, Ex. J attached to MTD, ECF No. 7–10.)

Plaintiff filed this suit on June 24, 2011 alleging nine causes of action: (1) fraud; (2) satisfaction; (3) wrongful foreclosure; (4) violation of N.R.S. § 107; (5) slander of title; (6) interference with contractual relationship; (7) declaratory relief; (8) cancellation of trustee's sale; and (9) injunctive relief.

/ / /

## DISCUSSION

**A.     Legal Standard – Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court in Ashcroft further stated "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged

conduct must be pled.

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Judicial Notice**

A court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). A court can take judicial notice of facts in recorded documents that are not subject to a reasonable dispute. *See Lund v. Harbor View Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-3*, 2011 WL 2470580, *1 n.1 (D. Nev.)

Defendants request judicial notice of the exhibits attached to its motion. The exhibits consist of documents that were recorded by the Clark County Recorder. Plaintiff argues that the Court cannot take notice of the documents because they contain inadmissible hearsay. Plaintiff asserts that the Court cannot take judicial notice of key issues and that recordation is not a substitution for evidentiary proof of the truth of the facts asserted in a recorded document. *See Leber v. Berkley Vacation Resorts, Inc.*, 2009 U.S.Dist. LEXIS 66928, pg. 7 (citing *Lee v. City of Los* Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Courts within this district have routinely taken judicial notice of the publicly recorded documents in foreclosure cases. In fact, it is quite helpful to have the documents as part of the pleadings to ensure that cases that raise meritorious issues are heard. Too many times, this Court has seen suits brought by plaintiffs alleging wrongful foreclosure that simply do not state any causes of action. A motion to dismiss is a proper way to ensure that judicial economy is satisfied

and cases alleging proper causes of action are heard.

A party can challenge a request for judicial notice by raising a reasonable dispute as to the authenticity of the documents and the facts contained within the documents. Plaintiff does not do this. He merely argues that they should not be allowed. Plaintiff does not offer any evidence that would give rise to a reasonable dispute that the facts contained within those documents are false. There is no reason given for the Court to not rely on them. Accordingly, the Court takes judicial notice of Defendants' exhibits A through J attached to their Motion to Dismiss.

### 1.  Fraud

To prove a claim for fraud or intentional misrepresentation, the plaintiff must establish three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation, (2) an intent to induce another's reliance, and (3) damages that result from this reliance. *Guthrie v. Argent Mort. Co., LLC*, No. 2:11-cv-1811-JCM-PAL, 2011 WL 6140660, at *2 (D.Nev. Dec. 9, 2011)(citing *Nelson v. Heer*, 163 P.3d 420,426 (Nev. 2007)). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R .Civ. P. 9(b); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) ("Federal Rule of Civil Procedure 9(b) ... require[s] [plaintiff] to plead her case with a high degree of meticulousness."). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007).

Plaintiff does not identify any false statements made by Defendants. Instead, Plaintiff alleges that the assignment of the deed of trust from Countrywide to BAC was fraudulent. This is based upon the fact that the assignment was executed by MERS as nominee for Countrywide.

Courts within this jurisdiction have concluded that the boilerplate provisions in the deeds of trust such as the one at issue here "give[s] MERS the broadest possible agency on behalf of the owner of the beneficial interest in the underlying debt. Such agency would include the ability to

sell the interest in the debt." *Lasao v. Stearns Lending Co.*, No. 2:10-cv-01864-KJD-LRL, 2011 WL 3273923, at *3 (D. Nev. July 29, 2011) (citing *Villa v. Silver State Fin. Servs.*, No. 2:10-cv-02024-LDG-LRL, 2011 WL 1979868, at *1 (D. Nev. May 20, 2011)). These courts have further found that the language is "clear enough ... to indicate that the parties intended MERS would be able to transfer the beneficial interest in the underlying debt directly." *Villa*, 2011 WL 1979868, at *1. Furthermore, "it is even more clear that MERS may directly transfer the interest in the deed of trust itself ...." *Smith v. Community Lending, In*c., 773 F.Supp.2d 941, 944 (D.Nev. 2011). Accordingly, nothing fraudulent occurred when MERS executed the assignment of the deed of trust. Therefore, Plaintiff's first cause of action is dismissed.

### 2. Satisfaction

Plaintiff's second cause of action asserts that "the Note has been paid off and fully satisfied the indebtedness under the Promissory Note and DOT." (Comp. at ¶43.) Plaintiff has not pleaded any factual basis for this claim.

Plaintiff's Complaint fails to meet the pleadings standard established by the Supreme Court in *Iqbal*. 129 S.Ct. at 1949. Plaintiff's Complaint does not "contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Id*. The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). Furthermore, the court is also not required to "accept at true allegations that contradict matter properly subject to judicial notice." *Id.* The Notice of Default and Election to Sell contradict any allegation that the note has been paid off and fully satisfied. Accordingly, Plaintiff's second cause of action is dismissed.

### 3. Wrongful Foreclosure

In Nevada, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure

occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (citations omitted). Plaintiff alleges that at the time Defendants exercised the power of sale on the Property, Plaintiff was not in breach of condition or failure of performance on his part.

Defendants submit that the NOD shows that Plaintiff has been in default under his mortgage for over two years, since August 1, 2009. (*See* NOD.) Plaintiff argues that this evidence is not admissible and "[m]oreover, the issue is not whether plaintiff is in default. The issue is whether the defendants have failed to demonstrate any interest in either the Note or the Deed of Trust, had the legal right to foreclose." (Response, 17:27–18:2, ECF No. 10.) Whether or not Plaintiff is in default, however, is the issue because Plaintiff claims in the Complaint that he was not in breach of condition or failure of performance. (Compl. at ¶ 47.) Therefore, Plaintiff fails to state a claim for wrongful foreclosure because the judicially noticeable fact that Plaintiff was in default on his mortgage payment effectively rebuts Plaintiff's allegation that he was not in breach of condition or failure of performance. This claim is dismissed.

### 4. Violation of N.R.S. § 107

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." N.R.S. § 107.020(1). The procedures for conducting a trustee's foreclosure sale are set forth in N.R.S. § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. N.R.S. § 107.080(2)(c). After at least three months have elapsed, the trustee or other person authorized to make the sale under the terms of the deed of trust shall give notice of sale in accordance with the posting requirements for residential foreclosures. N.R.S. § 107.080(4). A foreclosure sale may be declared void if the trustee or other person authorized to make the sale did not substantially comply with the

foreclosure statutes. N.R.S. § 107.080(5).

As already explained supra, courts in this district have held that MERS can transfer the interest in the DOT.  Accordingly, BAC properly transferred the interest in the deed of trust on September 11, 2010 and could substitute ReconTrust as trustee on that day.  Also, since the trustee, beneficiary or their assigns, or an authorized agent may execute and record the NOD under NRS § 107.080(2)(c) the recordation of the NOD by ReconTrust was proper and Plaintiff's allegations fail to state a claim.

Additionally, Plaintiff argues that N.R.S. § 107.086(2)(a) requires the notice of default to include contact information which the grantor may use to reach a person with authority to negotiate a loan modification. N.R.S. §107.086(b) required the trustee to serve a copy of the notice upon the Mediation Administrator.  Defendants offer Exhibit F which is a copy of the Certificate of Compliance with Nevada's Foreclosure Mediation program to show that they complied with N.R.S. § 107.086(b). (*See* Certificate regarding Foreclosure Mediation.)  In addition, the Notice of Default plainly instructs Plaintiff to contact BAC to discuss if he qualified for a loan modification. (*See* NOD.)

Plaintiff also argues that Defendants must comply with N.R.S. §107.085(3)(b) which requires a promissory note to be attached to the Notice of Sale.  However, this section only applies to transfers in trust of real property. N.R.S. § 107.085(1).

Furthermore, it does not appear that Plaintiff has complied with N.R.S. §107.080(5) which provides:

> Every sale made under the provisions of this section and other sections of this chapter vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption. A sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if:
>   (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;

> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 90 days after the date of the sale; **and**
> **(c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.**

Plaintiff has not filed proof that he recorded a notice of lis pendens within 30 days of the commencement of this action. Thus the Court would be unable to declare the sale void under N.R.S. §107.080(5). Accordingly, this claim is dismissed.

### 5. Slander of Title

To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev.1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev.1987)). Plaintiff alleges that Defendant ReconTrust knew or acted in reckless disregard of the truth or falsity of the statement in the NOD that it was "either the original trustee, the duly appointed substituted trustee, or acting agent for the trustee or beneficiary under the Deed of Trust." (Comp. at ¶59.)

As explained above, ReconTrust was properly substituted as trustee. Therefore, it was not a false and malicious statement for ReconTrust to state it was the appointed substituted trustee on the Notice of Default dated September 13, 2010. Accordingly, Plaintiff has failed to state a slander of title claim.

### 6. Interference with Contractual Relationship

To state a claim for interference with a contractual relationship, plaintiff must allege (1) there existed a valid contract between plaintiffs and a third party, (2) defendant knew of the contract, (3) defendant committed intentional acts intended or designated to disrupt the contractual relationship, (4) there was an actual disruption of the contract, and (5) plaintiffs sustained damages as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 862 P.2d

1207 (Nev. 1993).

Here, Plaintiff claims a valid contract exists between himself and Countrywide KB Home Loans. Plaintiff alleges that Defendant MERS and ReconTrust committed intentional acts which were intended or designed to disrupt Plaintiff's contractual relationship with Countrywide. Specifically, Plaintiff alleges that the assignment executed by MERS and ReconTrust's attempted foreclosure wrongfully disrupted his contractual relationship. (Compl. at ¶67.)

The DOT authorized MERS to directly transfer the interest in the DOT itself and ReconTrust was a properly substituted trustee with authority to issue the NOD. There cannot be an interference with the contract when Defendants have complied with all the terms of the contract. Accordingly, this claim is dismissed.

### 7. Declaratory Relief, Cancellation of Trustee's Sale, Injunctive Relief

Plaintiff's seventh, eighth and ninth claims are not causes of action but are remedies. Without a viable cause of action in the Complaint, the remedy requests must be dismissed.

### CONCLUSION

**IT IS HEREBY ORDERED** that Defendants BAC Home Loans Servicing, L.P. ("BAC") fka Countrywide Home Loans Servicing, L.P., Countrywide Bank FSB ("Countrywide"), Federal Home Loan Mortgage Corporation ("Fannie Mae"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (ECF No. 7) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED with prejudice** for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Clerk of the Court shall close this case.

DATED this 6th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge